UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOHAMMED ISMAIL,

                Petitioner,

v.

WARDEN OF THE MESA VERDE
DETENTION FACILITY, et al.,

                Respondents.

No. 1:26-cv-03282-DJC-AC

ORDER

A# 214-882-586

Petitioner Mohammed Ismail is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1). The Court has previously addressed the legal issues raised in the Petition. *See M.B. v. Noem*, 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026); *Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC, 2026 WL 253425 (E.D. Cal. Jan 30, 2026).[1]

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus and identify any factual or legal issues in this case that distinguish it from the Court's prior orders.

---

[1] The Court initially cited cases concerning conditional parole, but subsequent information makes clear that Petitioner was released on parole pursuant to 8 U.S.C. § 1182(d)(5). This does not materially change the Court's analysis but the cases cited here are more relevant.

(ECF No. 6.)  Respondents contend that this case is distinguishable from the cited cases based on the fact that Petitioner has "remained in the United States longer than permitted" as his parole was expired 2020.  (ECF No. 6 at 4.)  However, as the Court has addressed in prior cases, this does not preclude the creation of a liberty interest. *Torres-Zuluaga v. Wofford*, No. 1:26-cv-00318-DJC-EFB, 2026 WL 184662, at *4 (E.D. Cal. Jan. 23, 2026).  All evidence indicates the Government permitted Petitioner to remain in the United States despite his parole expiring over five years prior to his current detention during which Petitioner lived and worked.  (*See* Pet. at 5–6.)  Thus, the Court concludes that Petitioner has demonstrated the existence of a protected liberty interest.  *See Torres-Zuluaga*, 2026 WL 184662, at *4.  Respondents also argue that Petitioner has not exhausted administrative remedies.  The Court has repeatedly rejected similar arguments previously raised by the Government based on the hundreds of cases where an Immigration Judge has found they lacked jurisdiction to consider bond requests.  *See Gualan-Namicela v. Becerra*, No. 1:26-cv-01460-DJC-EFB, 2026 WL 539059, at *1 (E.D. Cal. Feb. 26, 2026).  Respondents have not provided any additional argument as to why imposition of such a requirement is now suddenly appropriate.  Finally, Respondents also note that Petitioner was transferred from local custody for an unrelated criminal charge.  While this does not alter the Court's due process analysis, it does justify providing Petitioner with a prompt post-deprivation hearing.  *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.

Within fourteen (14) days of this Order, Respondents shall afford Petitioner Mohammed Ismail a constitutionally adequate bond hearing before an Immigration

Judge.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.  If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

Respondents shall file a status report within five (5) days of Petitioner's bond hearing, confirming a bond hearing was conducted.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **May 11, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3